# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 16, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ALEXIS FARRELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1374V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccination; |
| | * | Postural Orthostatic Tachycardia |
| Respondent. | * | Syndrome ("POTS"). |
| * * * * * * * * * * * * | | |

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
<u>Voris E. Johnson</u>, United States Department of Justice, Washington, DC for respondent.

### DECISION[1]

On October 20, 2016, Alexis Farrell ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of an influenza ("flu") vaccine received on November 6, 2013, she subsequently suffered injuries including Postural Orthostatic Tachycardia Syndrome ("POTS").  Petition at 1.

On May 16, 2017, petitioner filed a motion for a decision dismissing her petition.  Petitioner's Motion (ECF No. 12).  The motion provided that "[a]n investigation of the facts and available science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Petitioner's Motion at ¶ 2.  Petitioner understands that a decision by the special master dismissing her petitioner will result in a judgment against her, which will end all her rights in the Vaccine Program.  <u>Id.</u> at ¶ 4.  Petitioner intends to protect her rights to file a civil action in the future.  <u>Id.</u> at ¶ 5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, petitioner may not be given a Program award based on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).

An examination of the records did not uncover any evidence that petitioner suffered a "Table Injury," or any persuasive evidence that petitioner's alleged injuries were caused by the November 6, 2013, flu vaccine.  During the initial status conference on March 22, 2017, I identified two main issues that needed to be addressed by way of additional records or explanation.  First, there appear to be no medical records during the initial time period after the vaccine until June 4, 2014.  Second, a medical record from the date of vaccination states that petitioner had an episode of syncope, palpitations, and fainting the month prior.  Petitioner's Exhibit 2 at 37.  Another record from June 4, 2014, notes that petitioner "reports that for the past 2 years has felt dizziness upon standing or during prolonged standing."  Petitioner's Exhibit 6 at 2 (emphasis added).  These symptoms appear to be consistent with POTS syndrome. Following the discussion, I ordered petitioner to file additional medical records from the post-vaccination period, if any, and additional records or an affidavit addressing petitioner's pre-vaccination symptoms.  Petitioner did not do so, and instead, filed a motion for a decision dismissing her petition.  Therefore, it remains the case that there are insufficient medical records supporting petitioner's claim, and petitioner has not offered a medical opinion in support.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by the November 6, 2013, flu vaccine.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/Thomas L. Gowen**
Thomas L. Gowen
Special Master