# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 28, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ALEXIS FARRELL, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1374V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for |
| AND HUMAN SERVICES, | * | Reconsideration of Reasonable |
| | * | Basis; Initial Inquiry; Statute of |
| Respondent. | * | Limitations; Reasonable |
| | * | Attorneys' Fees and Costs. |
| * * * * * * * * * * * * | | |

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
<u>Voris E. Johnson</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 8, 2017, petitioner filed an application for attorneys' fees and costs. On August 31, 2017, I denied the application on the grounds that petitioner had not established a reasonable basis for her claim. As discussed below, I now withdraw my earlier decision and award petitioner reasonable attorneys' fees and costs.

### I. Procedural History

On October 20, 2016, Alexis Farrell ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine received on November 6, 2013, she subsequently suffered injuries including Postural Orthostatic Tachycardia Syndrome ("POTS"). Petition (ECF No. 1). It

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

specifically alleged that "approximately three to four weeks [after the flu vaccination], petitioner began experiencing recurrent syncope, lightheadedness and palpitations which were collectively diagnosed as Postural Orthostatic Tachycardia Syndrome (POTS)." *Id.* at 1.  Petitioner stated: "This petition is being filed with the NVICP's statute of limitations in mind; undersigned counsel is in the process of obtaining petitioner's relevant medical records." *Id.* at 1, n.1.  The petition was not accompanied by any medical records.

On November 30, 2016, petitioner filed records from the vaccine administration, her pediatrician, behavioral health providers, and cardiology specialists on November 30, 2016.  Exhibits 1-5 (ECF No. 6).  On December 30, 2016, she filed hospital records, Exhibit 7 (ECF No. 9) and a Statement of Completion (ECF No. 10).

I held an initial status conference on March 22, 2017.  Order (ECF No. 11).  During the status conference, respondent's counsel indicated that respondent had not yet reviewed the records to determine his position in the case.  Based on my preliminary review, I identified two issues with petitioner's claim.  "First, there appear[ed] to be no medical records during the initial time period after the November 6, 2013, vaccination until June 4, 2014." *Id.*  Second, several medical records suggested the petitioner had symptoms consistent with POTS syndrome prior to the vaccination. *Id.*  I ordered petitioner to file additional medical records from the post-vaccination period, if any, and to file additional records or an affidavit addressing her pre-vaccination symptoms within 60 days, by May 22, 2017. *Id.*  On May 16, 2017, petitioner filed a motion for a decision dismissing her petition. (ECF No. 12).  I issued a decision dismissing the petition on the same day. (ECF No. 13).

On August 8, 2017, petitioner filed a motion for $7,541.20 in attorneys' fees and $558.56 in attorneys' costs, for a total of $8,100.06.  Petitioner's Motion (ECF No. 16) at 1-2.[3]  On August 11, 2017, respondent filed a response, in which he briefly suggested that the claim lacked a reasonable basis.  Respondent's Response (ECF No. 17).  On August 18, 2017, petitioner filed a reply in support of her motion for attorneys' fees and costs. (ECF No. 18).  On August 31, 2017, I filed a decision denying attorneys' fees and costs on the grounds that petitioner had not established a reasonable basis for her claim. (ECF No. 19).

On September 21, 2017, petitioner filed a motion for reconsideration of my decision "in the interest of justice under Vaccine Rule 10(e)." (ECF No. 20).  Petitioner states that in analyzing whether there was a reasonable basis, I properly considered the totality of the circumstances, including the approaching statute of limitations deadline.  Petitioner specifically asks for reconsideration of my determination that there was not reasonable basis to file the claim.  She states that it was necessary to file the petition when she did because (1) it was "the eve" of the statute of limitations, calculated from the date of the vaccination because the onset of symptoms is often unclear; (2) petitioner's counsel had specific knowledge of the particular challenges associated with diagnosing POTS syndrome; and (3) the collection of medical records is a typically lengthy and unpredictable process. *Id.* at 3-5.  Petitioner notes that after filing, her counsel diligently obtained the records, consulted informally with an expert neurologist at no

---

[3] Pursuant to General Order #9, petitioner also provided her signed statement that while represented by counsel, she did not incur any costs related to the litigation of this matter.  Petitioner's Motion, Tab 1.

cost to the Program, followed my guidance, and voluntarily moved to dismiss the case. This matter is now ripe for adjudication.

## II. Reconsideration of Reasonable Basis

### a. Applicable Legal Standard

Vaccine Rule 10(e) provides that either party "may file a motion for reconsideration of the special master's discretion within 21 days". The special master "may seek a response from the nonmoving party, specifying both the method of and the timing for the response." Vaccine Rule 10(e)(2). "The special master has the discretion to grant or deny the motion, in the interest of justice." Vaccine Rule 10(e)(3).

Another special master has noted: "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," beyond the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011). Vaccine Rule 10(e) is sometimes compared to the Court of Federal Claims Rule 59(a), which provides that that "the party seeking reconsideration must show (1) a change in the controlling law; (2) the presence of previously unavailable evidence; or (3) manifest injustice." *R.K.*, 2010 WL 5572074 at *3. However, in *R.K.*, former Chief Special Master Vowell stated that the "interest of justice" standard is more lenient, emphasizing whether reconsideration would provide the petitioner a full opportunity to make her case. *Id.* at *5.

### b. Analysis

I find that the interest of justice supports reconsideration of whether there was a reasonable basis for the filing of petitioner's claim. The parties did not fully brief the reasonable basis issue and following my initial decision, petitioner timely filed a motion for reconsideration which raises new arguments.

I have reviewed the underlying facts of the case and petitioner's new arguments. I have also considered a recent decision by Judge Mary Ellen Coster Williams. *Cottingham v. Sec'y of Health & Human Services*, XX Fed. Cl. XX, 2017 WL 4546579 (October 12, 2017). While I am not required to follow an opinion of the U.S. Court of Federal Claims in a case other than the one at bar, I am in agreement with the test and the explanation annunciated by Judge Williams in this opinion. In *Cottingham*, Judge Williams noted that the Federal Circuit has not addressed the "reasonable basis" legal standard. She stated that the reasonable basis standard should not be construed too narrowly, instead, it should reflect that "Vaccine Act claims "may entail close calls" "involv[ing] state–of-the-art scientific developments, untested theories, and unknown interactions and results." *Id.* at *5. She "agree[d] with the majority of the Court of Federal Claims opinions, finding that the reasonable basis of a Vaccine Act claim should be assessed based on the totality of the circumstances." *Id.* at *6. These circumstances include the available facts and medical records, scientific understanding of the vaccine involved and its potential consequences, and the availability of experts and medical literature. *Id.* Additionally, this

assessment "should take into account evidence available at the time a claim is filed and evidence that becomes available as the case progresses." *Id.*

In *Cottingham*, Judge Williams held that there was a reasonable basis for filing a "protective petition" based on the petitioner's assertions and incomplete medical records, within the statute of limitations. *Id.* at *9. She found that petitioner's counsel "reasonably credited his client's complaints" in the absence of contradictory medical records. *Id.* at *10. Further: "Where an impending statute of limitations forced counsel to choose between preventing a Vaccine Act claimant from pursuing a potentially viable claim, or filing a complaint without a complete set of medical records and expert analysis, counsel acted prudently in preserving his client's rights." *Id.*

As noted in my original decision, I agree that reasonable basis is determined by the totality of the circumstances. There may be reasonable basis to file a petition based on a looming statute of limitations and the evidence available at the time, such as the petitioner's own uncontradicted assertions. However, reasonable basis for proceeding with a case may be lost later on, if new evidence comes to light.

In this case, petitioner consulted counsel 17 days before the statute would run based on the date of vaccination and approximately 38 days before she contended that the onset of her symptoms occurred. Counsel correctly observed that the collection of medical records, even in the best of circumstances often takes more than 17 or even 38 days and that generally it is wise to wait until the medical records are in before seeking the opinion of an expert.

While I always regarded the question of reasonable basis to file in this case as a relatively close call and never suggested that the law firm retained by petitioner habitually files meritless claims (in fact, it is my observation that the firm does not), I made my initial decision based largely upon the fact that I was able to decipher what appeared to be potentially fatal flaws in the case after a single review of the medical records. On reconsideration, I recognize that I was able to review *all* of the medical records in one sitting, several months after the initial filing. Counsel did not have this benefit at the time of filing.[4]

---

[4] In my decision denying attorneys' fees and costs, I observed that the billing entries did not reflect an initial attorney review of the medical records prior to the petition being filed. The billing entries do not show when petitioner first contacted counsel. The first billing records are from October 17-18, 2016, of a paralegal communicating with petitioner and reviewing medical records. On October 18-19, 2016, an attorney and the same paralegal worked on drafting the petition. The petition was filed on October 20, 2016. *See* Petitioner's Motion for Attorneys' Fees and Costs, Tab 2 at 1. In the motion for reconsideration, counsel states: "The absence of billing entries reflecting an initial attorney review of the available information does not mean that it did not occur. Indeed, the available information was carefully reviewed by undersigned counsel prior to the date that undersigned counsel began billing on the file." Petitioner's Motion for Reconsideration at 4, n. 2. Counsel also states that her firm is contacted by many individuals with prospective vaccine injury claims. The firm reviews an individual's claim once before deciding to represent an individual, then a second time before deciding to file. In my opinion, it is certainly prudent to conduct these initial evaluations. It may also be reasonable for the firm not to bill the Program for them. However, it would be helpful if the application for attorneys' fees and costs contained contemporaneous entries of this work being performed, marked "time not charged." That would aid my review of the application and the evaluation of whether reasonable basis existed for filing the claim.

I further agree with counsel's argument - even if somewhat overstated[5] - that reasonable prudence dictated filing when the statute was close to running on a potentially meritorious claim. I also agree that a client's memory of the date of vaccination or the onset of symptoms nearly three years prior may turn out to be significantly incorrect. Thus, waiting until records are received may jeopardize a filing that could have been made on a timely basis if counsel had acted promptly. Counsel notes that this reliance on a client's memory of events several years before is particularly risky when the claim involves POTS. She reasons: "The symptoms of POTS, as well as the medical investigation that ultimately leads to its diagnosis, can be murky and drawn out for many people. Such symptoms are also commonly attributed to numerous other conditions." Petitioner's Motion for Reconsideration at 4. From my experience, this is an accurate observation about POTS. And despite the challenges associated with this condition, it has been the subject of compensation. *See, e.g.*, *Starr v. Sec'y of Health & Human Servs.*, No. 14-929V, 2017 WL 2857539 (Fed. Cl. Spec. Mstr. June 7, 2017); *Barry v. Sec'y of Health & Human Servs.*, No. 12-39V, 2016 WL 3910848 (Fed. Cl. Spec. Mstr. June 24, 2016).

As Judge Williams recently stressed, "an impending statute of limitations should play a role in a reasonable basis determinations." In the present case, counsel was faced with the choice of filing prior to receipt of all necessary records or risk missing the deadline of the statute of limitations. Counsel acted prudently in filing when she did.

Accordingly, I have reconsidered my initial decision and now find that the claim, while ultimately lacking merit, could not be determined to be without merit at the time that counsel initially evaluated it within the shadow of a pending statute of limitations. Counsel acted reasonably in filing then collecting the remaining medical records. I also appreciate that counsel heeded my comments at the initial status conference and proceeded to verify that there were no additional records or explanation that would help to cure the claim's substantive flaws. She also obtained a neurologist's informal review. Afterwards, counsel properly consulted with her client and moved for dismissal. She acted responsibly in so doing. Based on the totality of the circumstances, I find that there was good faith and a reasonable basis supporting an award of attorneys' fees and costs up to the point the case was dismissed.

## III.   Reasonable Attorneys' Fees and Costs

### a.  Applicable Legal Standard

The Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine what attorneys' fees and costs are "reasonable" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Counsel must submit

---

[5] Counsel's argument couched the issue in terms of legal malpractice and ethical violations if she did not file the petition within a day of meeting with petitioner.

fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521 (citing *Farrar v. Sec'y of Health & Human Servs.*, 1992 WL 336502 at *2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).  The requirement that attorneys' fees be reasonable also applies to costs.  *Perreira*, 27 Fed. Cl. at 34 ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

   b. Analysis

I have reviewed the application for attorneys' fees and costs and the supporting documentation.  With regard to the requested attorneys' fees, the hourly rates are consistent with *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Oct. 18, 2015), the Office of Special Masters' fee schedules, and other special masters' decisions regarding counsel and her firm.  I find that they are also reasonable in this case.

The hours expended also seem reasonable.  The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task.  They do not appear to bill for administrative work, paralegal work performed by attorneys, duplicative work, significant interoffice communication and meetings, or other unreasonable practices.  In sum, I find no cause to adjust the requested attorneys' fees.

The requested attorneys' costs are for obtaining medical records, copying and postage, and the filing fee.  Based on my experience, the requested costs also appear reasonable.  I also note that counsel was able to obtain an informal opinion from a neurologist on the merits of the claim without charge to the Program.  I will award the requested costs in full.

IV. Conclusion

As discussed above, I hereby **GRANT** petitioner's motion for reconsideration.  **Accordingly, the Court is directed to WITHDRAW the decision denying attorneys' fees and costs.  Decision filed August 31, 2017 (ECF No. 19).**

**I hereby award the amount of $8,100.06, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Diana L. Stadelnikas of Maglio Christopher and Toale, PA.**[6]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of The Clerk **SHALL ENTER JUDGMENT** in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.